IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CASEY TODD WILEY, | ) |
| Plaintiff, | ) |
| v. | ) 21-CV-2150 |
| THOMAS J. GRIFFITH, et al., | ) |
| Defendants. | ) |

**ORDER**

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE.**

Plaintiff proceeds pro se from his incarceration in the Macon County Jail. His Complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. This section requires the Court to identify cognizable claims stated by the Complaint or dismiss claims that are not cognizable.[1] In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor and taking Plaintiff's pro se status into account. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient.

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that he became increasingly frustrated with the continuances in Plaintiff's criminal cases in Macon County, case numbers 2018-CF-942 and 2018-CF-944. On May 2, 2019, Plaintiff objected to yet another allegedly unjustified continuance sought by the government. A "physical altercation" then allegedly occurred, in which Plaintiff was allegedly beaten and tased while in handcuffs, with officers "piling on" Plaintiff to the point where Plaintiff could not breathe, even though Plaintiff had by then allegedly agreed to walk out of the courtroom voluntarily.

As a result of this physical altercation, Plaintiff was charged with aggravated battery of a police officer in case 2018-CF-878 (Macon County) in June 2018. Plaintiff alleges that the charges were not supported by probable cause. The jury deadlocked, and, on May 13, 2021, case 2018-CF-878 was dismissed by the State. Plaintiff alleges that case 2018-CV-878 was filed to punish Plaintiff for objecting in his other two criminal cases. Plaintiff asks that the

charge of aggravated battery of a police officer be expunged and that he be awarded damages.

The prosecutor and presiding judge in Plaintiff's criminal cases are immune from a lawsuit challenging their actions in those cases. Imbler v. Pachtman, 424 U.S. 409, 431 (1976)("in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under section 1983."); Polzin v. Gage, 636 F.3d 834, 838 (7th Cir. 2011)("A judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction."). Additionally, whether the dismissed charges in 2018-CF-878 are eligible for expungement would be a matter of state law, not federal law.

Plaintiff might be able to state a federal claim against the officers who allegedly used excessive force against Plaintiff on May 19, 2019, but not enough information is provided. Plaintiff does not specify which officers personally used force in the courtroom (if he knows). The jail superintendent cannot be held liable for the excessive force of jail guards solely because the jail superintendent is in charge. Brown v. Randle, 847 F.3d 861, 865 (7th Cir. 2017)("Public officials are accountable for their own conduct, but

they are not vicariously liable for the acts of their subordinates."). Additionally, officers may use the force reasonably necessary to maintain control in the courtroom. Horton v. Pobjecky, 883 F.3d 941, 949 (7th Cir. 2018)("A plaintiff must show the officer's use of force was objectively excessive from the perspective of a reasonable officer on the scene under the totality of the circumstances."). A letter from the Jail Superintendent attached to the complaint states:

> I am responding to your request to appeal the time given to you in disciplinary segregation.
>
> On May 9, 2019 you were in courtroom 6A at the Macon County Courthouse. As [sic] some point during your court hearing you became extremely combative with the court security officers and attempted to go after the judge and your defense attorney. Your actions resulted in several officers having to respond to assist in restraining you. Officer were forced to use multiple conducted electrical weapons and pepper spray in order to maintain control of the incident . . .

The statements in this letter, if true, suggest that the force used against Plaintiff was reasonable. Plaintiff does not provide enough facts about what happened to allow a reasonable inference that the force used was not reasonable.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed without prejudice for failure to state a claim.

2) Plaintiff may file an amended complaint by October 15, 2021. If Plaintiff does not file an amended complaint, or the amended complaint does not state a federal claim, then this action will be dismissed with prejudice for failure to state a claim, and this case will be closed.

3) Plaintiff's motion for the Court to search for pro bono counsel is denied (6). The Court cannot order an attorney to accept pro bono appointment on a civil case such as this. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). Plaintiff has made reasonable efforts to find counsel, so the question is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." Pruitt, 503 F.3d at 655 (7th Cir. 2007). At this early stage, Plaintiff need only be able to accurately explain what happened. The Court then applies the law to determine whether those events might state any federal claim. Plaintiff's complaint already clearly explains what happened. There are simply not enough facts to determine whether a federal claim is

stated. Plaintiff appears able to proceed pro se for purposes of this stage. If the Court determines that Plaintiff's amended complaint states a federal claim, Plaintiff may file another motion for counsel after Defendants have been served, setting forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.

4) Plaintiff's letter docketed on September 1, 2021 was docketed as a motion for miscellaneous relief. The motion appears to primarily ask about the procedure for requesting pro bono counsel. As explained above, pro bono counsel is not necessary at this time. This motion is moot. [7.]

ENTERED: 9/15/2021

<u>s/Sue E. Myerscough</u>
SUE E. MYERSCOUGH
U.S. DISTRICT JUDGE